Rob Bonta
Attorney General of California
Quintin Lucas
Supervising Deputy Attorney General
Derek Onysko
Deputy Attorney General
State Bar No. 14276
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 738-9722
 Fax: (619) 645-2061
 E-mail: Derek.Onysko@doj.ca.gov
*Attorneys for Defendants State of California,
by and through the California Highway Patrol,
Tim Hall, and Aaron Rothberg*

THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RYAN-ROBERT: WALZ,<br><br>                           Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; DEPT. OF CALIFORNIA HIGHWAY PATROL; OFFICER TIM HALL, BADGE #015019; OFFICER AARON ROTHBERG, BADGE #016430,<br><br>                           Defendants. | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT; DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S COMPLAINT**<br><br>**[FRCP 12(b)(1)–(3), 12(b)(6), 12(f)]**<br><br>Case No. 2:25-cv-00004-DBB-CMR<br><br>Judge:         Honorable David Barlow<br>Action Filed:  1/06/2025 |

**INTRODUCTION**

Plaintiff's Opposition does not cure the flaws in Plaintiff's Complaint that were identified in Defendants' Motion to Dismiss. Plaintiff cannot allege subject matter jurisdiction over Defendant California Highway Patrol ("CHP") because CHP is afforded immunity under the Eleventh Amendment. Plaintiff does not allege this Court has personal jurisdiction over CHP and Defendants Hall and Rothberg (collectively "Defendants") because all alleged wrongful acts occurred solely in California, and Defendants are alleged to be California residents. For the same

1

reasons, Plaintiff cannot allege that venue is proper in the District of Utah. Plaintiff fails to state any claim for which relief can be granted because Plaintiff was pulled over for admitted violations of the California Vehicle Code and Defendants Hall and Rothberg are entitled to qualified immunity. The new factual assertions in Plaintiff's Opposition, even if considered, do not salvage Plaintiff's claims. For these—and the other—reasons raised in Defendants' Motion to Dismiss, Defendants request the Court to dismiss Plaintiff's Complaint in its entirety.

## ARGUMENT

### I. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER DEFENDANT CALIFORNIA HIGHWAY PATROL AND PLAINTIFF'S CLAIMS (RULE 12(B)(1)).

Plaintiff concedes that the State of California is not a proper party but maintains claims against Defendant CHP. Opp'n 1, ECF 19. This appears to be based on Plaintiff's assumption that section 1983 claims against the Defendant officers automatically confer jurisdiction over CHP. This is incorrect. CHP is an arm of the state and is afforded Eleventh Amendment immunity. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1232 (10th Cir. 1999); Cal. Gov't Code § 13975. Plaintiff's citations do not change this conclusion. 28 U.S.C. sections 1331 and 1343(a)(3) do not support a claim against CHP. Further, *Hafer v. Melo*, 502 U.S. 21 (1991), does not permit claims against state agencies like CHP, only claims against state officials in their individual capacities. Defendant CHP may be dismissed from Plaintiff's Complaint. *See Sutton*, 173 F.3d at 1232.

Plaintiff's Opposition does not defend against Defendants' attack of subject matter jurisdiction under 18 U.S.C. sections 241, 242, 1001, 1519, and 1545. *See* Opp'n 1, ECF 19. These statutes are insufficient to allege subject matter jurisdiction because they do not confer private rights of action. Defs.' Mot. Dismiss 10-11, ECF 18. And Plaintiff does not defend against Defendants' attack of subject matter jurisdiction under 28 U.S.C. section 1361. *See* Opp'n 1, ECF 19. Plaintiff does not allege or argue that Defendants are officers or employees of the United States for subject matter jurisdiction under section 1361. *See Amisub (PSL), Inc. v. Colo. Dep't of Soc. Servs.*, 879 F.2d 789, 790 (10th Cir. 1989). Plaintiff's claims under 18 U.S.C. sections 241, 242, 1001, 1519, and 1545, and 28 U.S.C. section 1361, may be dismissed.

**II.     THIS COURT LACKS PERSONAL JURISDICTION OVER THE DEFENDANTS (12(B)(2)).**

Plaintiff asserts personal jurisdiction in Utah based on alleged injuries (e.g., property loss, family distress) that he felt there, citing *Calder v. Jones*, 465 U.S. 783 (1984). Plaintiff misapplies *Calder*, which requires intentional conduct calculated to cause injury in a forum state, not mere unforeseeable effects. *Id.* at 789–90.

Here, the Complaint alleges two traffic stops in California, by two CHP officers, whom Plaintiff admits were enforcing California traffic laws. Compl. 7, ECF 1. Plaintiff does not allege that the Defendant officers directed their conduct toward Utah, nor that the Defendant officers knew any injury would be felt by Plaintiff in Utah. *Id.* Plaintiff's domicile in Utah when he was pulled over does not establish minimum contacts for personal jurisdiction in Utah.

Plaintiff's argument that the Defendant officers' fingerprinting enabled the running of his license plate or the towing of his car, at most show incidental effects, not purposeful availment. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Defendants, alleged California residents, acted within California to enforce California traffic laws. Their conduct did not involve Utah in any way. The only connection that this case has to Utah is that Plaintiff is domiciled here. Litigating Plaintiff's case in Utah would not only be unfair and unjust, but would impose an undue burden on Defendants, California residents. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). Dismissal is proper for lack of personal jurisdiction over Defendants.

**III.    THIS COURT IS NOT THE PROPER VENUE FOR PLAINTIFF'S COMPLAINT (12(B)(3)).**

Venue is improper in Utah under 28 U.S.C. § 1391(b). Plaintiff cites to 28 U.S.C. section 1391(b)(3), claiming CHP's multi-district presence and his Utah domicile justify venue in Utah. Plaintiff misreads this statute. Section 1391(b)(3) applies only if no other district satisfies (b)(1) or (b)(2). *See* 28 U.S.C. § 1391(b)(3) ("[I]f there is no district in which an action may otherwise be brought as provided in this section . . . .") Here, the Central District of California satisfies venue because all Defendants reside in California and the events occurred in Orange County, California. Compl. 7, ECF 1-1; 28 U.S.C. § 1391(b)(1)–(2). Defendant CHP's statewide operations—in California—do not make Utah a proper venue.

///

Nor does Plaintiff's domicile in Utah make Utah a proper venue. Opp'n 2, ECF 19. The two-part test for reviewing challenges to venue under section 1391(b)(2) does not include examining a plaintiff's domicile. *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 (10th Cir. 2010). Plaintiff's reliance on *Leroy v. Great Western United Corp.*, 443 U.S. 173 (1979), is unsupportive. *Leroy* addressed corporate defendants with forum contacts, not state agencies acting in a different state. *Id.* at 180. Venue in Utah is improper, and dismissal is appropriate.

### IV. PLAINTIFF FAILS TO STATE ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED (12(B)(6)).

#### A. The Complaint governs, not the opposition.

Plaintiff's Opposition introduces new facts (e.g., audio of threats, specific vehicles, surveillance) to bolster his claims. Opp'n 2–4, ECF 19. These are beyond the Complaint's four corners and may be disregarded. *Hayes v. Whitman*, 264 F.3d 1017, 1025–24 (10th Cir. 2001). The Complaint's allegations—two traffic stops for tinted windows and registration violations—are at issue for Defendants' Motion to Dismiss. Compl. 7, ECF 1.

#### B. Fourth Amendment claims fail.

Plaintiff argues that Officer Hall's fingerprinting and Officer Rothberg's towing violated the Fourth Amendment. Opp'n 2, ECF 19. But Plaintiff's allegations do not show unreasonableness that is necessary for Fourth Amendment violations.

Plaintiff admits in his Complaint and Opposition that both stops were based on reasonable suspicion. Compl. 7–8, ECF 1; Opp'n 2–3, EFC 19. Officer Hall's November 27 stop was for tinted windows and no vehicle registration. Compl. 7–8, ECF 1; Opp'n 2, ECF 19; Cal. Veh. Code §§ 4000, 26708(a)(1). And Officer Rothberg's December 17 stop was for no vehicle registration. Cal. Veh. Code § 4000(a)(1). Plaintiff's fingerprinting, after these lawful stops, was permitted. *Hayes v. Florida*, 470 U.S. 811, 816 (1985). Plaintiff's temporary detention after these lawful stops was permitted. *Terry v. Ohio*, 392 U.S. 1, 20 (1968). And Plaintiff's vehicle tow was also permitted. Cal. Veh. Code § 22651(o). Plaintiff admits that he was driving an unregistered vehicle, without a valid driver's license, on December 17, 2024, and did not have a valid driver's

license or vehicle registration since May 2024. Compl. 8, ECF 1. The Opposition's "child-seizure threat" and "surveillance" claims are absent from Plaintiff's Complaint and speculative at best. Opp'n 2–3, ECF 19. They may be disregarded. Plaintiff's Complaint fails to state a claim for relief based on any violation of the Fourth Amendment.

### C.  Fourteenth Amendment claims fail.

Plaintiff's due process claim is based on Officer Hall's alleged threat and Officer Rothberg's tow. Opp'n 2–4, ECF 19. Plaintiff argues this conduct shocks the conscience and violated the Fourteenth Amendment. *Id.* But due process violations require egregious conduct, like forced stomach pumping, not routine enforcement of traffic laws. *Rochin v. California*, 342 U.S. 165, 172 (1952). Running vehicle plates and towing unregistered vehicles are necessary and proper practices to enforce California's traffic laws. And enforcement of traffic laws does not produce family rights violations under *Troxel v. Granville*, 530 U.S. 57 (2000), which protects parental custody, not parental immunity from traffic stops. Compl. 7–12, ECF 1. Plaintiff's Complaint fails to state a claim for relief under the Fourteenth Amendment.

### D.  Qualified immunity applies.

Even assuming constitutional violations, Officers Hall and Rothberg enjoy qualified immunity. Defs.' Mot. Dismiss 15–16, ECF 18. Plaintiff's Complaint alleges that both Officers responded to apparent violations of the California Vehicle Code. These violations provided the officers with a reasonable basis to stop Plaintiff, detain him, take his fingerprints, and tow his vehicle for driving without a driver's license or vehicle registration. *Kisela v. Hughes*, 584 U.S. 100, 104 (2018). Plaintiff's citations to *Kaupp v. Texas*, 538 U.S. 626 (2003) (warrantless home entry), and *United States v. Crews*, 445 U.S. 463 (1980) (illegal arrest), are distinguishable from lawful traffic stops. Plaintiff does not allege that Officers Hall and Rothberg violated clearly established rights. To the contrary, Plaintiff alleges that Officers Hall and Rothberg properly followed and enforced the law. Officers Hall and Rothberg are entitled to qualified immunity, and Plaintiff fails to state a cause of action against them.

///

///

### E. Declaratory relief and travel rights fail.

Plaintiff appears to argue that his Complaint makes a claim for declaratory relief based on a challenge to California Vehicle Code sections 4000 and 12500, as applied to his "private automobiles." Opp'n 4, ECF 19. To make this claim, Plaintiff's Complaint must allege an actual controversy between the parties. *See MedImmune, Inc. Genetech, Inc.*, 549 U.S. 118, 127 (2007). Plaintiff's Complaint does not allege an actual controversy between the parties. *See generally* Compl., ECF 1. So, in his Opposition, Plaintiff cites two cases to support his claim for declaratory relief. Opp'n 4, ECF 19. But neither case supports Plaintiff's claim. *Hendrick v. Maryland*, 235 U.S. 610, 622 (1915), upholds licensing for public highway use, whether commercial or not. And *Miller v. Reed*, 176 F.3d 1202, 1205 (9th Cir. 1999), rejected a right-to-travel claim similar to Plaintiff's claim. Courts have rejected Plaintiff's right-to-travel claims so there is no controversy between the parties to state a claim for declaratory relief. Plaintiff's Complaint does not present a novel claim for declaratory relief that warrants review. Opp'n 4, ECF 19. Dismissal is appropriate.

### F. Plaintiff's "damages justification" is immaterial.

Plaintiff offers additional facts in his Opposition regarding a "damages justification." Opp'n 4, ECF 19. Not only are these facts immaterial to Defendants' Motion to Dismiss, but they are extrinsic to Plaintiff's Complaint. Plaintiff's facts and argument in this section may be disregarded.

### G. The remaining cited statutes fail.

Plaintiff does not address or refute Defendants' argument that Plaintiff fails to state any claim upon which relief can be granted under 42 U.S.C. sections 1985 and 1986, 28 U.S.C. sections 1367 and 1391, and 18 U.S.C. sections 1962 and 1964. Opp'n 1–4, ECF 19. Plaintiff's Complaint, based on these federal statutes, may be dismissed.

## V. PLAINTIFF'S COMPLAINT IS SUBJECT TO A MOTION TO STRIKE (RULE 12(F)).

Plaintiff does not address or refute Defendants' Motion to Strike. Plaintiff's copyright and trademark allegations are immaterial and lack any legal basis or factual support. Defs.' Mot. Dismiss 17–18, ECF 18. If the Court does not grant Defendants' Motion to Dismiss, then

| | |
|---|---|
| 1 | Defendants request the Court to strike the immaterial allegations in Plaintiff's Complaint to |
| 2 | streamline litigation. |

## CONCLUSION

Defendants respectfully request the Court to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1)–(3), and 12(b)(6). Plaintiff's Opposition fails to address and overcome the deficiencies that Defendants' raised in their Motion to Dismiss. Venue is improper in Utah, jurisdiction is lacking, and Plaintiff fails to state any claim upon which relief can be granted. Defendants request dismissal, with prejudice, or, in the alternative, the striking of immaterial allegations under Rule 12(f).

Dated: March 10, 2025

Respectfully submitted,

Rob Bonta
Attorney General of California

Quintin Lucas
Supervising Deputy Attorney General

*Derek J. Onysko* (signature)

Derek Onysko
Deputy Attorney General
*Attorneys for Defendants State of California, by and through the California Highway Patrol, Tim Hall, and Aaron Rothberg*

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Ryan-Robert Walz v. State of California, et al.** | No. | **2:25-cv-00004** |

I hereby certify that on <u>March 10, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT; DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 10, 2025</u>, at San Diego, California.

| | |
|---|---|
| R. Alvarez | *[signature]* |
| Declarant | Signature |

SD2025800186
85003070.docx