IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RYAN ROBERT WALZ,<br><br>                    Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>                    Defendants. | **REPORT AND RECOMMENDATION GRANTING [18] MOTION TO DISMISS AND DENYING [7] REQUEST FOR INJUNCTIVE RELIEF**<br><br>Case No. 2:25-cv-00004-DBB-CMR<br><br>District Judge David Barlow<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 9). Before the court is Defendants State of California, by and through the California Highway Patrol (CHP),[1] Tim Hall (Officer Hall), and Aaron Rothberg's (Officer Rothberg) (collectively, Defendants) Motion to Dismiss (ECF 18). The court also considers Plaintiff Ryan Robert Walz's (Plaintiff) Response to the Motion to Dismiss (ECF 19) and Defendants' Reply (ECF 20). The court further considered Plaintiff's Request for Injunctive Relief (ECF 7). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and decides this matter on the written memoranda. *See* DUCivR 7-1(g). For the reasons below, the undersigned RECOMMENDS that the court GRANT Defendants' Motion to Dismiss and DENY Plaintiff's Request for Injunctive Relief.

---

[1] Defendants indicate that the California Highway Patrol was "erroneously sued as State of California" (ECF 18 at 1). Plaintiff seemingly agrees with this statement and, in his opposition to the Motion to Dismiss, indicates that he wishes to "correct the record" and remove the State of California as a party (ECF 19 at 1). To date, however, no motion has been filed or other action taken to remove the State of California as a defendant in this matter.

# I.    BACKGROUND

On January 6, 2025, Plaintiff filed his Complaint asserting federal question jurisdiction under 28 U.S.C. § 1331 (ECF 1 at 3). In the Complaint, Plaintiff lists approximately fifteen federal statutes and provisions of the United States Constitution that he believes are at issue in this matter (*id.*).[2] On the civil cover sheet, Plaintiff further indicated that this is a civil rights suit (ECF 1-4).

Plaintiff's claims are tied to two traffic stops that occurred between November and December 2024 while he was in California (*id.* at 4, 7). According to Plaintiff, the first time that he was stopped by California Highway Patrol officers, he was told it was because of his "tinted windows," and the second time he was "stopped for claims of a requirement for registration" (*id.* at 7). After Plaintiff was stopped the second time, "the officers had [Plaintiff's] private automobile and property towed" (*id.*). The first traffic stop was conducted by Officer Hall and the second by Officer Rothberg (*id.*). Plaintiff asserts that both traffic stops were unlawful and that he is "not required" to register his automobile (*id.*).[3] In Plaintiff's view, when the officers towed his automobile, this amounted to "theft under the color of law" (*id.*).

Defendants seek dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12, asserting (1) this court lacks subject matter jurisdiction over Plaintiff's claims under Rule 12(b)(1); (2) the Complaint was filed in an improper venue under Rule 12(b)(3); and (3) the Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6) (ECF 18).[4]

---

[2] Specifically, Plaintiff indicates that the following statutes and Constitutional provisions are at issue: "United States of America Constitution Amendment IV unreasonable search and seizure, Amendment V right to due process, 18 USC § 241, 18 USC § 242, 42 USC § 1983, 42 USC § 1985, 42 USC § 1986, 28 USC § 1361, 28 USC § 1391, 28 USC § 1367, 18 USC § 1545, 18 USC § 1519, 18 USC § 1001, 18 USC 1962, 18 USC 1964" (ECF 1 at 3).

[3] Not only does Plaintiff contend that he is not required to register his automobile, but Plaintiff also contends that, back in 2024, he "rescinded [his] contracts with the Utah Department of Motor Vehicles" (DMV) by sending his driver's license and license plates to the DMV (ECF 1 at 8).

[4] Defendants also argue that this court lacks personal jurisdiction over Defendants (ECF 18 at 11), however, because the undersigned found it appropriate to grant dismissal under Rule 12(b)(1), Rule 12(b)(3), and Rule 12(b)(6), it was unnecessary to consider this alternative ground for relief.

## II.    LEGAL STANDARDS

A party may seek dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(1) for "lack of subject-matter jurisdiction." "The federal courts are courts of limited subject-matter jurisdiction." *Gad v. Kansas State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015). Thus, this court "may only hear cases when empowered to do so by the Constitution and by act of Congress." *Id.* (quoting *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004)). Where a plaintiff invokes federal question jurisdiction under 28 U.S.C. § 1331, "[t]he complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986). The plaintiff bears the burden of establishing that the court has jurisdiction over their claims. *See Atlas Biologicals, Inc. v. Kutrubes*, 50 F.4th 1307, 1322 (10th Cir. 2022).

Federal Rule of Civil Procedure 12(b)(3) allows a party to seek dismissal for "improper venue." Assertions by a party that a particular venue is either "wrong" or "improper" present an issue that is "generally governed by 28 U.S.C. § 1391." *Delta Pegasus Mgmt., L.L.C. v. Netjets Sales, Inc.*, No. 2:21-cv-00393-RJS-DAO, 2022 WL 4536757, at *4 (D. Utah Sept. 28, 2022) (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 55 (2013)). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atl. Marine Const.*, 571 U.S. at 56.

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In undertaking these analyses, the court is mindful that Plaintiff is acting pro se and that his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

### III.    DISCUSSION

#### A.  Defendants' Motion to Dismiss

##### i.    Subject Matter Jurisdiction

As discussed above, Plaintiff bears the burden of establishing subject matter jurisdiction. *See Atlas Biologicals*, 50 F.4th at 1322. Plaintiff has asserted federal question jurisdiction and, in response to the Motion to Dismiss, he clarifies that he believes this court has subject matter jurisdiction over this matter based on the claims he has asserted under the Fourth and Fourteenth Amendments of the United States Constitution,[5] 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331, 1343(a)(3) (ECF 19 at 1). Here, Defendants bring a facial challenge to subject matter jurisdiction, and the court therefore "assumes the allegations in the complaint are true." *See Baker v. USD 229*

---

[5] Despite Plaintiff's contentions that this court has jurisdiction over his claims under the Fourteenth Amendment, the undersigned notes that nowhere in the Complaint does Plaintiff reference the Fourteenth Amendment.

*Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020). Yet even assuming the allegations in the Complaint are true, Plaintiff's claims do not provide a basis for subject matter jurisdiction against CHP or for Plaintiff's claims asserted under 18 U.S.C. §§ 241, 242, 1001, 1519, 1545, and 28 U.S.C. § 1361.

Beginning with Plaintiff's claims against CHP, Defendants assert that any claims against CHP are barred by the Eleventh Amendment (ECF 18 at 10). "Eleventh Amendment immunity bars damages actions against a state in federal court, even by its own citizens, unless the state waives that immunity." *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000) (citing U.S. Const. amend. XI). Furthermore, "[t]he arm-of-the-state doctrine bestows immunity on entities created by state governments that operate as alter egos or instrumentalities of the states." *Id.* (quoting *Watson v. University of Utah Med. Ctr.*, 75 F.3d 569, 574 (10th Cir. 1996)).

Defendants assert the arm-of-the-state doctrine applies to CHP. In support of this argument, Defendants point to Plaintiff's allegations that he was "stopped by California Highway Patrol Officers who represent the STATE OF CALIFORNIA," along with a provision of the California Government Code that classifies CHP as a department of the state's government (ECF 18 at 10 (citing Cal. Gov't Code § 13975)). More to this point, the Tenth Circuit has previously held that the Utah Highway Patrol is a state agency that "enjoys sovereign immunity," *Mahdi v. Salt Lake Police Dep't*, 54 F.4th 1232, 1240 (10th Cir. 2022), and other state departments of public safety have also been "treated as the state for purposes of sovereign immunity and the Eleventh Amendment," *Pettigrew v. Oklahoma ex rel. Oklahoma Dep't of Pub. Safety*, 722 F.3d 1209, 1212 (10th Cir. 2013). In his response, Plaintiff does not dispute that CHP is entitled to immunity under the Eleventh Amendment; his only response to this argument is that the "Eleventh Amendment

doesn't shield Officers Hall and Rothberg" (ECF 19 at 1).[6] Thus, based on the arguments presented and relevant case law, the undersigned agrees with Defendants that CHP is entitled to immunity under the Eleventh Amendment and any claims against CHP should be dismissed for lack of subject matter jurisdiction.

Defendants further assert that Plaintiff's claims under 18 U.S.C. §§ 241, 242, 1001, 1519, and 1545 should be dismissed because these are criminal statutes that "do not establish subject matter jurisdiction in civil complaints" (ECF 18 at 10–11). To support this position, Defendants point to various federal courts which have determined that those very statutes do not provide for a right of private action (*id.*).[7] The Tenth Circuit has also acknowledged that, generally, "criminal statutes that do not provide for a private right of action" are "not enforceable through a civil action." *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). Based on the persuasive authority provided by Defendants, the undersigned agrees that 18 U.S.C. §§ 241, 242, 1001, 1519, and 1545 should be dismissed for lack of subject matter jurisdiction.

Finally, Defendants assert any claim under 28 U.S.C. § 1361 should be dismissed for lack of subject matter jurisdiction because this statute only applies to federal government agents, and Plaintiff has only asserted claims against state officials. Indeed, the Tenth Circuit has held that "[n]o relief against state officials or state agencies is afforded by § 1361." *Amisub (PSL), Inc. v.*

---

[6] Notably, Plaintiff does not argue that any waiver to CHP's Eleventh Amendment immunity applies to this case. *See Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1233 (10th Cir. 1999) ("As a general rule, '[i]n the absence of an unequivocal waiver specifically applicable to federal-court jurisdiction, we decline to find that [the State] has waived its constitutional immunity.'" (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985))).

[7] *See e.g.*, *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (finding 18 U.S.C. §§ 241 and 1001 do not provide for a private right of action); *Peavey v. Holder*, 657 F. Supp. 2d 180, 190 (D.D.C. 2009) ("[T]o date, no circuit or Supreme Court opinion has held that § 1519 creates a private right of action."); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (stating there is no private right of action for claims under 18 U.S.C. §§ 241–242); *Hopson v. Shakes*, 2013 WL 1703862, at *2 (W.D. Ky. Apr. 19, 2013) ("The federal obstruction of justice statutes, 18 U.S.C. §§ 1501 et seq., do not provide for a private cause of action or civil remedies.").

*State of Colo. Dep't of Soc. Servs.*, 879 F.2d 789, 790 (10th Cir. 1989). Accordingly, Plaintiff's claim under 28 U.S.C. § 1361 should also be dismissed.

For those reasons, the undersigned recommends that all claims against CHP and Plaintiff's claims under 18 U.S.C. §§ 241, 242, 1001, 1519, 1545, and 28 U.S.C. § 1361 be dismissed for lack of subject matter jurisdiction.

>    ii.    <u>Failure to State a Claim Upon Which Relief Can be Granted</u>

Defendants further argue that the remainder of Plaintiff's claims should be dismissed under Rule 12(b)(6) (ECF 18 at 14–17). Here, the undersigned agrees with Defendants that dismissal under 12(b)(6) is warranted because Plaintiff's allegations are insufficient to state a claim relevant to any remaining claims that Plaintiff is apparently asserting under the various statutes and Constitutional Amendments referenced in the Complaint (*id.*).

Federal Rule of Civil Procedure 8 imposes requirements relative to all claims, which are meant to ensure "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *Lakhumna v. Sgt. Messenger*, No. 4:18-cv-81-DN, 2019 WL 2285775, at *2 (D. Utah May 29, 2019) (quoting *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991)). As noted above, the Complaint lists approximately fifteen federal statutes and provisions of the United States Constitution that Plaintiff believes are at issue in this matter (ECF 1 at 3). One of the primary issues with the Complaint is that Plaintiff does not explain whether he is asserting claims under each of those statutes and Constitutional Amendments, much less, how his factual allegations fit within any of those potential claims.[8]

---

[8] For example, two of the statutes Plaintiff includes in his list are 28 § U.S.C. 1367 and 28 § U.S.C. 1391 (ECF 1 at 3), but these statutes pertain to supplemental jurisdiction and venue, and thus clearly would not serve as a basis for any causes of action Plaintiff is asserting against Defendants.

Defendants point out that the Complaint cites statutory provisions related to conspiracy claims, *see* 42 U.S.C. §§ 1985, 1986, and claims available under the Racketeer Influenced and Corrupt Organizations Act (RICO), *see* 18 U.S.C. §§ 1962, 1964, and argue that Plaintiff has not alleged facts that would support the elements of any of these claims (ECF 18 at 16–17). Conspiracy claims require that a plaintiff establish four elements: "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). As for RICO claims, a plaintiff must allege "the defendant violated the substantive RICO statute" by setting forth the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Deck v. Engineered Laminates*, 349 F.3d 1253, 1257 (10th Cir. 2003) (quoting *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002)). Other than Plaintiff's general citation to the aforementioned statutes, it is unclear what allegations in the Complaint would support a conspiracy claim or RICO claim that he may be asserting. While Plaintiff's pro se filings must be construed liberally, he is still required to follow the same rules of procedure as other litigants, and "the court cannot act as [Plaintiff's] advocate and make legally cognizable arguments for him." *See Barela v. Ehrler*, No. 2:15-cv-00359-RJS-EJF, 2016 WL 3950747, at *1 (D. Utah June 29, 2016), *report and recommendation adopted*, 2016 WL 3948064 (D. Utah July 19, 2016). Because any claims Plaintiff may be asserting under 42 U.S.C. §§ 1985, 1986, and 18 U.S.C. §§ 1962, 1964 do not provide Defendants with fair notice of the grounds upon which they rest, such claims should be dismissed.

Furthermore, Plaintiff indicated in the Complaint, and on the civil cover sheet, that the nature of this case pertains to civil rights claims under 42 U.S.C. § 1983 (ECF 1 at 3; ECF 1-4). Beyond the general pleading requirements of Rule 8, § 1983 claims have additional specificity

requirements that Plaintiff must satisfy to survive a motion to dismiss. The Tenth Circuit has noted that, "[i]n § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008). For that reason, "it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Id.* at 1250. Where the "complaint fails to isolate the allegedly unconstitutional acts of each defendant," it is subject to dismissal because each defendant should be given "adequate notice as to the nature of the claims against each." *See id.* Plaintiff's allegations fall short of meeting the requirements for § 1983 claims. While Plaintiff indicates which officer conducted which traffic stop (ECF 1 at 7), the remainder of the Complaint merely refers to "the officers" and makes general accusations that "the officers" violated Plaintiff's rights (*id.* at 7–8).

In his opposition to the Motion to Dismiss, Plaintiff attempted to cure his pleading deficiencies by further elaborating on his claims and listing the conduct of each officer that he believes supports his claims under the Fourth and Fourteenth Amendments of the United States Constitution (ECF 19 at 2–4). Plaintiff's attempt to remedy his pleading deficiencies through a response to a motion to dismiss is futile, as it is a "well-established" principle "that in determining whether to grant a motion to dismiss, the district court . . . [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995). Thus, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Reed v. Ne. New Mexico Corr. Facility Offs.*, No. 23-cv-0322-JCH-KBM, 2024 WL 1299562, at *3 (D.N.M. Mar. 27, 2024) (quoting *Car*

*Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)). Consequently, the claims Plaintiff describes in his response to the Motion to Dismiss have not been properly plead and do not remedy the deficiencies in the Complaint.

Thus, for the foregoing reasons, the undersigned finds that dismissal of the entirety of Plaintiff's Complaint is appropriate for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

### iii.    Improper Venue

Even though the Complaint is subject to dismissal for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted, the undersigned finds it appropriate to also consider Defendants' argument that Plaintiff filed his claims in an improper venue (ECF 18 at 13).

As previously noted, "[w]hen venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b)," *Atl. Marine Const.*, 571 U.S. at 56, which are as follows:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The Complaint indicates that Officer Hall and Officer Rothberg are residents of California, and CHP is a state agency for the State of California (ECF 1 at 2); thus, venue in this court is not proper pursuant to the first category set forth in § 1391(b). It is further clear from the allegations in the Complaint that California is the location where a substantial part of the events occurred and

where a substantial part of the property that is the subject of the action is situated (*id.* at 7–12). Thus, venue in this court is also not proper pursuant to the second category set forth in § 1391(b). Based on those same allegations, the undersigned finds that the District of Utah is not the proper venue for this suit pursuant to § 1391(b)'s third category, because there is a district in which this action could otherwise be brought, and that would be a judicial district in the state of California.

Plaintiff resists this conclusion, asserting that venue is proper in Utah because "CHP spans California district, and [Plaintiff's] domicile ties harm [to Utah]" (ECF 19 at 2). Plaintiff's reference to CHP is not persuasive on this point because, as previously discussed, *see supra* Part III.A.i, Plaintiff's claims against CHP are barred by the Eleventh Amendment. What's more, beyond the dismissal of CHP as a defendant, Plaintiff has not provided support for his position that CHP's operations across the State of California render the District of Utah the proper venue for his claims. In support of his contention that the District of Utah is the proper venue for his claims, Plaintiff cites *Leroy v. Great Western United Corp.*, 443 U.S. 173 (1979) (ECF 19 at 2). The *Leroy* case, however, does not support Plaintiff's position that his residence in the State of Utah is sufficient to establish that this court is the proper venue for this litigation. This is particularly true given that the traffic stops forming the basis of Plaintiff's claims occurred in California, the automobile Plaintiff seeks to recover is in California, and all Defendants are residents of California.

The undersigned therefore agrees with Defendants that Plaintiff filed his Complaint in an improper venue and dismissal under Federal Rule of Civil Procedure 12(b)(3) is appropriate. Accordingly, if Plaintiff intends to file an amended complaint, he should do so in a district court where venue is proper.[9]

---

[9] After briefing on the Motion to Dismiss was complete, Plaintiff filed a "Supplemental Notice Regarding Venue Transfer" (ECF 21). Therein, Plaintiff attempts to clarify additional points related to Defendants' argument regarding

**B. Plaintiff's Motion for Injunctive Relief**

On January 14, 2025, approximately one week after filing the Complaint, Plaintiff filed a document entitled "Supplement to Complaint with Request for Injunctive Relief" (ECF 7). Therein, Plaintiff asserts that when his property was towed, he was not under the jurisdiction of the CHP, that he "committed no crime," and his property was "illegally seized" (*id.* at 1). For those reasons, Plaintiff requests that his "personal automobile" that is being held in a towing lot in California be returned to him immediately (*id.* at 1–2). Because the undersigned has recommended that the entirety of Plaintiff's Complaint be dismissed, the undersigned further recommends denying Plaintiff's request for injunctive relief as moot.

## RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Defendants' Motion to Dismiss (ECF 18) be GRANTED and this action be DISMISSED without prejudice. It is further RECOMMENDED that Plaintiff's Request for Injunctive Relief (ECF 7) be DENIED as MOOT.

## NOTICE

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 30 May 2025.

---

venue (*see id.*). Because Plaintiff did not obtain leave of the court to file a sur-reply, the undersigned did not consider this filing in rendering its decision on the Motion to Dismiss. *See* DUCivR 7-1(a)(9) ("Unless ordered otherwise, the court will not consider additional memoranda."). Even if the court had granted Plaintiff leave to file this sur-reply, the undersigned would still find transfer inappropriate because of the deficiencies with his Complaint detailed herein.

12

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah